358 So.2d 58 (1978)
Betty YOUNG, Appellant,
v.
Lee H. CURGIL et al., Appellees.
Earma WILLIAMS, Appellant,
v.
Lee H. CURGIL et al., Appellees.
Nos. 76-2328, 76-2329.
District Court of Appeal of Florida, Third District.
April 18, 1978.
Rehearing Denied May 19, 1978.
*59 Law Offices of Joseph Rosenkrantz and Jerold Hart and Stuart H. Abramson, Miami Beach, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellees.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
The plaintiffs Betty Young and Earma Williams appeal the entry of two final orders dismissing with prejudice their tort claims arising from an automobile accident as filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. The final orders of dismissal appealed from are based on a trial court finding of collusion between the plaintiffs to present a fraudulent claim to the court.
The law is clear that a trial court has the inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings. Such a power is indispensible to the proper administration of justice because no litigant has a right to trifle with the courts. It is a power, however, which should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (1934); Horjales v. Loeb, 291 So.2d 92 (Fla.3d DCA 1974); Parham v. Kohler, 134 So.2d 274 (Fla.3d DCA 1961).
In the instant case, the trial court has made certain findings of fact upon which it based its orders of dismissal which we have carefully studied.[1] In essence, these findings constitute a basis from which it may be inferred that the plaintiffs' claimed injuries herein were feigned and *60 their subsequently incurred medical expenses fraudulent, collusive and unnecessary. Although this is a fair inference from such facts, it is by no means an overwhelming or compelling inference. In our view, the matter is fairly debatable and should have been decided by the trier of fact, here a jury, as our law generally contemplates. The facts herein do not rise to the level of fraud or collusion as to require the court to dismiss the plaintiffs' claims as an outrageous misuse of the system of justice.
The orders appealed from are reversed and the cause remanded to the trial court for further proceedings.
NOTES
[1] The trial court's findings of fact as contained in the two orders of dismissal herein are as follows:

"1. That on April 5, 1976, this case was consolidated for trial with Case No. 75-37978, Betty Young v. Lee H. Curgil, et al. [with Case No. 75-38192, Earma Williams v. Lee H. Curgil, et al.]
2. That on November 23, 1976, these cases came on for trial before this Court and a jury.
3. That on the morning of trial, the Plaintiff, Betty Young, took a voluntary dismissal without prejudice.
4. * * *
5. That these cases arise out of an automobile collision which occurred at the intersection of Ponce de Leon Boulevard and LeJeune Road in Coral Gables, Florida.
6. At the time of the subject incident, the Plaintiffs, Betty Young and Earma Williams, were passengers in an automobile driven by Babe Curgil, a Defendant herein.
7. That of the six persons who occupied the two vehicles involved in the subject collision, only Betty Young and Earma Williams claimed to have sustained any injuries whatsoever.
8. That Betty Young and Earma Williams reside in the same apartment building and have been friends for a substantial period of time.
9. That Walter Gunter, the investigating police officer, observed no visible signs of injury to any of the persons involved in the subject collision and found minimal damage to the vehicles which collided.
10. That following the collision, Betty Young was taken to the Mercy Hospital emergency room where she received superficial treatment and was sent home. Earma Williams did not receive nor did she seek any medical attention on December 16, 1974.
11. That with the exception of the emergency room treatment received by Betty Young on December 16, 1974, neither Betty Young nor Earma Williams received medical treatment for the injuries they claimed to have sustained until January 6, 1975, twenty-one days following the subject accident.
12. That on January 6, 1975, both Betty Young and Earma Williams were seen by Doctor William Levin, an osteopath, whose offices are located a considerable distance from the Plaintiffs' residence.
13. That Betty Young had never been treated by Doctor William Levin on any occasion prior to January 6, 1975, and testified that she had been referred to Doctor Levin by `a friend' whose surname she did not recall.
14. That Earma Williams testified on deposition that she had never been treated by Dr. Levin prior to January 6, 1975 and that she too had been referred to Dr. Levin by `a friend.'
15. That on January 7, 1975, Dr. Levin admitted both Earma Williams and Betty Young to Westchester General Hospital.
16. That while in Westchester General Hospital, Betty Young and Earma Williams occupied the same room, received essentially the same treatment and were seen in consultation by the same osteopathic physician.
17. That although Betty Young was an employee of Mercy Hospital and testified that she preferred to be treated at Mercy Hospital over any other hospital, she was admitted to Westchester General Hospital by Dr. Levin.
18. That on each occasion that Dr. Levin saw Betty Young in his office from January 6, 1975 through July 18, 1975, he also saw Earma Williams.
19. That an examination of the medical records of Betty Young and Earma Williams reveals that they are strikingly similar in many respects.
20. That although the Plaintiffs reside in the same apartment building, have been friends for a substantial period of time, were treated by the same osteopath, often travelled together to their osteopath's office and occupied the same hospital room for approximately one week, they denied ever having discussed the circumstances surrounding this incident with each other ..."