745 So.2d 1031 (1999)
Margaret B. SIMMONS, Appellant,
v.
Cal HENDERSON, Sheriff of Hillsborough County, Appellee.
No. 98-04110.
District Court of Appeal of Florida, Second District.
October 20, 1999.
Rehearing Denied December 2, 1999.
Laura A. Olson and David C. Bearden of Lawgroup, P.A., Tampa, for Appellant.
Ellen Leonard, Hillsborough County Sheriff's Office, for Appellee.
SCHEB, JOHN M., (Senior) Judge.
Appellant, Margaret B. Simmons, challenges the trial court's order dismissing with prejudice her action seeking to recover damages for personal injuries. We reverse.
Ms. Simmons brought suit against appellee, Cal Henderson, Sheriff of Hillsborough County. She alleged that she sustained permanent injuries as a result of a motor vehicle accident on November 9, 1996, when a vehicle operated by one of the sheriff's deputies collided with her vehicle.
*1032 Appellee's counsel deposed Ms. Simmons on May 14, 1998. Thereafter, appellee moved to dismiss Ms. Simmons' suit on the ground that in her deposition she had made material misstatements concerning her employment, the income she had received since the accident, and her involvement in previous automobile accidents.
The trial court conducted an evidentiary hearing on the motion. The hearing focused primarily on alleged misstatements about work Ms. Simmons had performed, income received, her involvement in prior accidents, and her understanding of the questions appellee's counsel asked her at the deposition. Appellee presented documentary evidence to establish the misstatements. However, the evidence also revealed that Ms. Simmons had a well-below-average IQ of 65 and had become very confused in responding to questions. She explained that she had sought to return to her prior work monitoring children inside a public school, but the school system denied her employment because of the physical limitations resulting from her injuries.
At her deposition, Ms. Simmons had denied having been employed since the accident. At the hearing, when confronted with evidence of her postaccident employment, she admitted that she had worked for about a month as an office "temp," but she claimed she had to abandon that work because of the pain she was suffering. She explained that she had interpreted the questions asked her about her work as referring to her full-time work with the school system before the accident, stating, "I didn't understand what you said. Do you know what I thought you said, had I went back to work with the School Board. I was confused. The way you presented it to me, I didn't understand that, ma`am, I didn't understand."
At the evidentiary hearing, Ms. Simmons also defended her statement about not having been involved in previous accidents, saying, "I've never been in an accident where I had been hurt. That's the way I understood you to ask me. I've been involved in an accident, but I ain't never been hurt in no accident."
In Tri Star Investments, Inc. v. Miele, 407 So.2d 292 (Fla. 2d DCA 1981), we held that a trial court has the inherent authority to dismiss a law action when fraud has been perpetrated on the court. We reaffirm this principle because this power is indispensable to the proper administration of justice. Nevertheless, as we observed in Tri Star, this power should be cautiously and sparingly exercised and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. See also Cox v. Burke, 706 So.2d 43 (Fla. 5th DCA 1998); Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978). Here the evidence revealed Ms. Simmons to be a nervous person on various medications with a below-average IQ who was confused by the questions propounded to her in the 67-page pretrial deposition. While we do not condone any misstatements by a party or witness in a judicial proceeding, we do not conclude the misstatements made by Ms. Simmons resulted in fraud being perpetrated on the court.
Accordingly, we hold it was an abuse of discretion for the trial court to impose the severe sanction of dismissing Ms. Simmons' suit.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, A.C.J., and BLUE, J., Concur.