765 So.2d 149 (2000)
Donell BAKER, Appellant,
v.
MYERS TRACTOR SERVICES, INC. and April C. Musgrove, Appellees.
No. 1D99-2179.
District Court of Appeal of Florida, First District.
June 26, 2000.
Christopher Shakib of McCullough & Glary, P.A., Jacksonville, for Appellant.
Joseph T. Kissane of Hinshaw & Culbertson, Jacksonville, for Appellee Myers Tractor Services, Inc.
W. Alan Winter, Jacksonville, for Appellee April C. Musgrove.
VAN NORTWICK, J.
Donnell Baker appeals a final order which dismissed with prejudice his negligence *150 action against appellees, Myers Tractor Services, Inc. and April C. Musgrove, as a sanction for Baker's material false testimony during discovery concerning facts which directly related to a central issue of the action. Because we find no abuse of discretion by the trial court, we affirm.
In the order appealed, the trial court set forth its findings and explained its reasons for employing the extraordinary sanction of dismissal, in pertinent part, as follows:
Baker's sole claim of injury in this cause was to his right knee. As one might expect, the condition of Baker's right knee, prior to the subject accident, was a focal point of discovery. On repeated occasions, while under oath, Baker denied that he had ever sustained a prior injury to his right knee.
* * *
During the course of discovery, counsel for Myers Tractor obtained Baker's employment records. These records revealed that Baker had in fact sustained a prior injury to his right knee while on the job ... [and] that Baker lied while under oath about a high school football injury to his right knee. If not for the efforts of defense counsel these lies would have remained undiscovered, leading to a distorted presentation of evidence in this cause.
After careful consideration, this Court finds that Baker knowingly concealed the existence of these prior knee injuries with the intent to perpetuate a fraud upon the Court. The questions which Baker was asked at deposition were straight forward and easily understandable, and clearly required disclosure of these prior injuries. This is particularly true, since the condition of Baker's right knee was the central issue in this case. What makes Baker's conduct particularly egregious is the number of times that he actively sought to conceal the prior condition of his right knee during discovery.
* * *
Based upon the foregoing, this Court concludes that Baker knowingly and intentionally concealed prior injuries to his right knee in an attempt to gain an unfair advantage in this litigation. Such conduct is a serious affront to the administration of justice. Honesty is not a luxury to be invoked at the convenience of a litigant. Instead, complete candor must be demanded in order to preserve the ability of this court to effectively administer justice.... [A] system that relies upon an adversary's ability to uncover falsehoods is doomed to failure. In the instant case, the repeated lies by Baker constitute knowing intentional misconduct justifying dismissal. This is particularly true, given that these misrepresentations occurred repeatedly and went to the central issue in this case. If these misstatements had remained undiscovered, the ability of this Court to impartially adjudicate this claim would have been seriously impaired. While it is clear that every litigant has the right to proceed forward, it is equally clear that this is a right which can be forfeited. Given the serious nature of Baker's misconduct this Court not only has the right, but the obligation to involuntarily conclude these proceedings.
(Citations omitted).
We review a trial court's imposition of sanctions under an abuse of discretion standard of review. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Tramel v. Bass, 672 So.2d 78, 82-83 (Fla. 1st DCA 1996). As the Mercer court explained:
[T]o justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.
Id.
As the trial court noted, the false testimony of Baker did not concern a matter *151 collateral to his claim, but was directly related to a central fact necessary to establish his claim. See Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998). Among other things, appellant argues that the trial court erred in granting the dismissal because he filed an errata sheet to his deposition pursuant to rule 1.310(e), Florida Rules of Civil Procedure, by which he changed his testimony by disclosing the prior injuries to his knee.[1] Without addressing whether the errata sheet, which did not state the reasons Baker was making the changes, was in compliance with rule 1.310(e), because the errata sheet was filed more than three months after the deposition in which appellant made the false statements and more than one week after the filing of the motion for involuntary dismissal which disclosed the false testimony, the filing does not cure the fraud in the instant case.
Appellant has not shown that the trial court has "clearly erred in its interpretation of the facts." Mercer, 443 So.2d at 946. Appellant has also not shown that the sanction imposed is unreasonable. See Tramel, 672 So.2d at 84. As our colleagues on the Fifth District have observed, "[t]his is an area where the trial court is and should be vested with discretion to fashion the apt remedy. While this court might have imposed a lesser sanction, the question in this case is close enough that we cannot declare the lower court to have abused its discretion." Cox, 706 So.2d at 47. Finding no abuse of discretion by the trial court, we affirm. See also Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011 (Fla. 4th DCA 1997); Mendez v. Blanco, 665 So.2d 1149 (Fla. 3d DCA 1996).
AFFIRMED.
ERVIN AND BROWNING, JJ., CONCUR.
NOTES
[1] False testimony by a client also has ethical ramifications for the lawyer. Under rule 4-3.3(a)(4), Florida Rules of Professional Conduct,

[a] lawyer shall not knowingly ... permit any witness, including a criminal defendant, to offer testimony or other evidence that the lawyer knows to be false.... If a lawyer has offered material evidence and thereafter comes to know of its falsity, the lawyer shall take reasonable remedial measures.
In a civil case, "remedial measures" may include disclosing the false testimony to the court or to the other party, even though the disclosure involves confidential information under rule 4-1.6. The comments to rule 4-3.3 explain this disclosure duty of a lawyer who discovers that the client has offered false testimony or evidence:
[T]he rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client's deception to the court or to the other party. Such a disclosure can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process that the adversary system is designed to implement. See rule 4-1.2(d). Furthermore, unless it is clearly understood that the lawyer will act upon the duty to disclose the existence of false evidence, the client can simply reject the lawyer's advice to reveal the false evidence and insist that the lawyer keep silent. Thus, the client could in effect coerce the lawyer into being a party to fraud on the court.