FLETCHER, Judge.
Plaintiffs, Bahran Armakan and Tahereh Hooshmand, his wife, appeal the dismissal of their negligence action against defendant, Jim McLean, based on plaintiffs’ allegedly fraudulent misrepresentations during discovery. We reverse.
This case arose out of an automobile accident on September 29, 1997 which resulted in injury to plaintiff Armakan’s left knee. During the discovery process, Ar-makan answered written interrogatories and deposition questions by denying he had suffered any prior injuries. From medical records provided by Armakan’s physician, however, defendant McLean subsequently discovered that eighteen years prior to the subject accident Arma-kan had undergone surgery to his right knee. McLean then moved for dismissal of the instant action based, among other reasons, on the failure to reveal the prior injury. In an affidavit filed in opposition to the motion, Armakan claimed to have forgotten the other knee surgery due to its remoteness in time.
At the hearing on McLean’s motion for dismissal, the trial court indicated that it did not find the misrepresentation regarding the prior injury to be material because it involved the right knee rather than the left knee allegedly injured in the subject accident. Notwithstanding this finding, on July 20, 2000, the trial court entered a final order of dismissal specifically basing it on a contrary finding that “the plaintiff attempted to commit a fraud upon the *315 Court by Ms failure to answer truthfully defendant’s questions regarding a prior knee injury and surgery in 1983.” (R. at 132.) However, the record clearly supports the trial court’s initial finding (with which we agree) that the misrepresentation does not warrant the severe sanction of a complete dismissal of Armakan’s claim. See Simmons v. Henderson, 745 So.2d 1031 (Fla. 2d DCA 1999), rev. denied 767 So.2d 457 (Fla.2000); compare Baker v. Myers Tractor Servs., Inc., 765 So.2d 149 (Fla. 1st DCA 2000).
Accordingly, we reverse the judgment and remand for further proceedings consistent with this opinion.