846 So.2d 572 (2003)
Carrie K. DISTEFANO, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Appellee.
No. 1D02-1196.
District Court of Appeal of Florida, First District.
April 28, 2003.
*573 John E. Booth, of Michles & Booth, P.A., Pensacola; Louis K. Rosenbloum, of Louis K. Rosenbloum, P.A., Pensacola, for Appellant.
Michael D. Hook, of Hook, Bolton, Mitchell, Kirkland & McGhee, Pensacola, for Appellee.
LEWIS, J.
Appellant, Carrie K. Distefano, appeals the trial court's final order dismissing her action for uninsured motorist benefits against appellee, State Farm Mutual Automobile Insurance Company, on the ground that she gave false or misleading testimony during discovery concerning facts central to the issues in her lawsuit, and argues that the trial court's findings were insufficient to support the sanction of dismissal. Concluding that the trial court did not abuse its discretion in dismissing appellant's lawsuit, we affirm.
On February 10, 2000, appellant filed a lawsuit against appellee for uninsured motorist coverage as a result of a motor vehicle accident that occurred on November 23, 1998. Appellant claimed injuries to her lower and middle back and legs, a torn rotator cuff in her right shoulder, and a swollen right wrist. She claimed to still have problems with each of these body parts, particularly her lower back.
During a June 2000 deposition taken by appellee, appellant was asked if she had been involved in any accidents other than the 1998 accident and another in 1989. She responded that she had an earlier accident in 1987, which affected her neck, and two minor accidents, one in 1992, and another in 1993. Appellant did not disclose a 1999 accident. Appellant stated that she did not have any problems or treatment on her right shoulder before the November 1998 accident. While appellant claimed that she had no injuries from the 1992-1993 accidents, the medical records discovered through appellee's independent investigation contradicted appellant's claim. Although appellant categorically denied suffering any injuries from her 1992 accident, appellant's medical records showed that she sought treatment from several doctors following the 1992 accident.
*574 Moreover, appellant began seeing a chiropractor shortly after the 1992 accident, complaining of general pain and stiffness localized over her lower back and neck. Following the 1992 accident, appellant also received a three percent increase to her impairment rating, and she took a prescription pain killer and muscle relaxer. Further evidence revealed that appellant also filed a claim with her insurance company as a result of the 1992 accident, listing injuries to her neck, middle back, and right side of the jaw.
In her response to appellee's first set of interrogatories, which were served on January 25, 2001, appellant indicated that she had been involved in a subsequent accident on July 8, 2000, fifteen days after the date of appellant's deposition. However, she again failed to mention the 1999 accident, which occurred less than two months after the 1998 accident at issue here. It was only after appellant was served with a second set of interrogatories on October 10, 2001, that she acknowledged the 1999 accident. However, appellant's acknowledgment of the 1999 accident only occurred after appellee brought the accident report to her attention. As a result of appellant's July 8, 2000, accident, appellant claimed injuries virtually identical to those that she had already claimed as a result of the 1998 accident and received insurance benefits for such.
In the order appealed, the trial court found that appellant gave false information or omitted information on matters central to the issues in her lawsuit during discovery in four specific areas: first, appellant claimed to have no injuries from her 1992 accident when the evidence showed that she claimed injuries in 1992 similar to the injuries claimed from the 1998 accident; second, appellant failed to reveal the 1999 accident when asked about any subsequent accidents; third, appellant made misrepresentations and gave false information regarding the physical limitations she faced as a result of the 1998 accident; and fourth, appellant gave false information or made misrepresentations regarding prior similar injuries. Based on these findings, the trial court dismissed appellant's claim with prejudice as a sanction for appellant's false testimony during discovery concerning facts which directly related to issues central to her case. This appeal followed.
The standard of review for a trial court's imposition of sanctions is abuse of discretion. Baker v. Myers Tractor Servs., Inc., 765 So.2d 149, 150 (Fla. 1st DCA 2000). "A trial judge has the inherent authority to dismiss actions based on fraud and collusion." Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978). However, this power of dismissal should be used "cautiously and sparingly," and "only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing." Id. (citations omitted); Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). The party alleging fraudulent behavior must prove such by clear and convincing evidence. Century Props., Inc. v. Machtinger, 448 So.2d 570, 573 (Fla. 2d DCA 1984) (citation omitted). Fraud occurs when it can be demonstrated, "clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). When a party lies about matters bearing directly on the issue of damages, dismissal is an appropriate sanction. Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999).
*575 Appellant contends that any misstatements she made during her June 2000 deposition were due to poor memory and were not intended to deceive, citing Simmons v. Henderson, 745 So.2d 1031, 1032 (Fla. 2d DCA 1999), as an example of when courts have not construed misstatements of fact as fraud. However, the facts of Simmons are distinguishable from this case. In Simmons, the trial court conducted an evidentiary hearing that focused primarily on the appellant's misstatements regarding her work, her income, and her understanding of questions asked during her deposition. Id. The appellant in that case had an I.Q. of sixty-five and often became very confused during questioning. Id. While appellant here claims to have a poor memory due to her age, appellant submitted no evidence that she has any physical or mental problems affecting her memory, and appellant's deposition testimony revealed that she is capable of understanding and answering questions posed to her. As such, because there is no evidence that appellant had any mental incapacity, appellant's reliance on Simmons is misplaced and appellant's claim that her misstatements should be excused as mere forgetfulness is without merit.
Appellant also argues that, in addition to problems caused by poor memory, any errors in her testimony are the result of the passage of time and vague questioning by the appellees. In Morgan, which we find persuasive, the Second District rejected similar arguments from an appellant who filed suit for personal injuries resulting from an automobile accident, and, in her deposition, denied having had neck or low back pain before the accident. 816 So.2d at 252. A subsequent evidentiary hearing established that the appellant had sought treatment for neck and low back pain from two different chiropractors from 1991 until 1995. Id. at 252-53. The trial court found that "these are not ... oversights or simply failed memory ... But it seems to be a whole line of answers that are intended to deceive...." Id. The trial court then dismissed the appellant's complaint with prejudice as a sanction for attempting to perpetrate a fraud on the court. Id. Based on the record and the trial court's findings, the Second District affirmed the trial court's order, holding that the trial court did not abuse its discretion by imposing the sanction of dismissal. Id. Although the appellant had been truthful about some matters regarding her lower back and although she had disclosed that she had received some treatment from her chiropractor, the Second District held that "[r]evealing only some of the facts does not constitute `truthful disclosure.'" Id. at 254. (quoting Metro. Dade County v. Martinsen, 736 So.2d 794, 796 (Fla. 3d DCA 1999) (concluding that the trial court abused its discretion in failing to dismiss the appellee's case, while noting that the extensive nature of the appellee's history belied her contentions that she had forgotten about her previous injuries and treatments)).
Here, as in Morgan, appellant's denial of any injury from the 1992 accident did not result from mere oversight or forgetfulness. Although appellant revealed some facts regarding the names of her doctors and the existence of the accident, that alone does not constitute "truthful disclosure." See Morgan, 816 So.2d at 254. Likewise, appellant's attempt to conceal the 1999 accident does not constitute "truthful disclosure," and appellant's conflicting testimony regarding the extent of her injuries following each of her accidents suggests an intent to deceive.
Appellant, also relying on the Second District's recent opinion in Jacob v. Henderson, 28 Fla. L. Weekly D286 (Fla. 2d DCA Jan.24, 2003), opinion withdrawn *576 and superceded on rehearing in part by 840 So.2d 1167 (Fla. 2d DCA 2003), contends that the trial court's findings were insufficient to support the sanction of dismissal. In Jacob, the trial court dismissed the appellant's case based on her deposition testimony regarding her physical abilities, which was contradicted by surveillance videotape evidence submitted by the defendant. Id. The Second District reversed the trial court, holding that there was no clear and convincing evidence that the appellant had set into motion an "unconscionable scheme" to interfere with "the judicial system's ability to impartially adjudicate the matter." Id. Nevertheless, Jacob is distinguishable from the case at bar because the record before us demonstrates clear and convincing evidence of fraud, and because appellant has not "shown that the sanction imposed is unreasonable" or that the trial court "clearly erred in its interpretation of the facts." See Baker, 765 So.2d at 151 (citations omitted). Furthermore, appellant's misstatements were not merely about her present or prospective physical abilities; appellant also omitted from her deposition testimony numerous concrete, historical facts, such as the occurrence of the January 1999 accident.
We find the instant case to be on all fours with this Court's recent decision in Baker. There, we affirmed the trial court's dismissal of the plaintiff's cause of action where the plaintiff gave material false testimony during discovery concerning facts directly related to a central issue of the action. See Baker, 765 So.2d at 149-50. The appellant brought a claim for an injury to his right knee. Id. at 150. When asked under oath on repeated occasions whether he had sustained any prior injuries to his right knee, the appellant denied any injury. Id. However, during discovery, the appellee obtained the appellant's employment records, which revealed that the appellant had suffered an on-the-job injury to his right knee, in addition to a high school football injury to his right knee. Id. The trial court found that the appellant "knowingly concealed the existence of these prior knee injuries with the intent to perpetuate a fraud upon the Court," and noted that the appellant's conduct was "particularly egregious" because of the number of times he "actively sought to conceal the prior condition of his right knee during discovery." Id.
Here, like Baker, appellant twice failed to disclose relevant accidents and injuries, including the occurrence of the January 1999 accident. She first omitted this information at the June 2000 deposition and then omitted it again in her response to appellee's first set of interrogatories. Appellant admitted the January 1999 accident only after appellee confronted her with the accident report. Therefore, the trial court did not abuse its discretion in finding that appellant actively sought to conceal the 1999 accident, which occurred less than two months after the accident that is the subject of this lawsuit, and finding that appellant had given false information regarding the extent and nature of her injuries from the 1992 and 1998 accidents. See Desimone, 740 So.2d at 1234 (affirming the trial court's dismissal as a sanction for plaintiff's fraud, which was demonstrated by "numerous and repeated misstatements of fact designed to intentionally thwart defendants from conducting discovery."). Accordingly, the order of the trial court is affirmed.
AFFIRMED.
BARFIELD and BROWNING, JJ., CONCUR.