SHEPHERD, J.,
dissenting,
I respectfully dissent. As the majority opinion states, not only did Laurore’s fail *865 ure to answer truthfully interrogatory Number 6 conceal the fact that at the time of the accident he suffered from “job related, mental stress,” see supra p. 864, but he also had “been determined ... unfit ... to drive.” Id. These two statements emanate from the same source, a record found in Laurore’s Bell South employment file after he twice lied about the existence of any disability at the time of the accident, first on September 13, 2006, in his interrogatory answers, and then six months later in his April 11, 2007, deposition. This record shows that on February 25, 2005, just three weeks before the March 16, 2005, accident, Laurore received a diagnosis of severe depression due to his “emotional, cognitive, and behavioral functioning which would preclude him from being able to perform the core elements of any occupation ...;” and that he “cannot drive, was not ready to return to work, ... was unable to perform the core elements of any occupation, ... does not leave the house, ...” If this record is sufficient to sanction Laurore for concealment of his damage claim, it necessarily is sufficient to sanction him for concealment of evidence related to liability.
It is true a trial court’s power to dismiss a case on the basis of fraud should be cautiously and sparingly exercised. See Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978). It is also true a defendant must demonstrate the plaintiff acted sen-tiently. See Ramey v. Haverty Furniture Cos., 993 So.2d 1014, 1018 (Fla. 2d DCA 2008). At the hearing on Defendant’s motion to dismiss, the trial court stated, “[Laurore] is a con artist, he is a liar.... It’s not right and he is using this Court to do it and I won’t let him.” The trial court followed these statements with a detailed written order, concluding, “[Laurore] lied in his answers to interrogatories pertaining to his disability and receipt of benefits, and lied in his deposition testimony with regarcl[] to his disability and receipt of benefits....” The majority disagrees. It is apodictic, however, that on appeal from an order dismissing an action on the basis of fraud on the court, we cannot simply substitute our judgment for that of the trial court. Instead, as the Florida Supreme Court has instructed us, “to justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.” Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Baker v. Myers Tractor Servs., Inc., 765 So.2d 149, 150 (Fla. 1st DCA 2000); Tramel v. Bass, 672 So.2d 78, 83 (Fla. 1st DCA 1996). I cannot say the trial court abused its discretion in dismissing this case for fraud.