# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1507
LT Case No. 2018-CA-000763-A

_____

RAYMOND GALUSHA,

    Appellant,

    v.

LOWES HOME CENTERS, LLC,
and ANN SHULER WATERS,

    Appellees.

_____

On appeal from the Circuit Court for Citrus County.
Edward L. Scott, Judge.

Raymond Galusha, Inverness, pro se.

Christopher J. Blain, of Vernis & Bowling of the Gulf Coast, P.A.,
Tampa, for Appellee, Lowes Home Centers, LLC.

No Appearance for Appellee, Ann Shuler Waters.

April 4, 2025

EDWARDS, C.J.

Appellant, Raymond Galusha, appeals the order and final judgment dismissing his personal injury case against Appellee, Lowes Home Centers, LLC. Following an evidentiary hearing, his case was dismissed because the trial court found that Appellant

committed fraud on the court.[1] Put quite simply, he was found to have lied about matters permeating the entire case, matters that went to the very core of his case. His case was properly thrown out of court. Appellant gave three different dates on which the single injury-causing event, a claimed avalanche of garbage can lids, allegedly occurred. According to Appellee's proof and the trial court's findings—that event never occurred. Through fabrication, false testimony, and concealment, Appellant sentiently engineered and engaged in an unconscionable scheme to defraud Appellee and the judicial process by denying prior and subsequent relevant events, injuries, and treatment. We find that the evidence presented to and relied upon by the trial court was clear, convincing, and overwhelming; the court's findings were all based on competent, substantial evidence. Appellant did not come forward with contrary proof or any reasonable explanation, despite having ample opportunity during the hearing on Appellee's motion to dismiss.[2] The depth and breadth of Appellant's scheme to defraud infected every aspect of his claim; thus, dismissal of the entire case was absolutely appropriate. The trial court got it right on the facts, law, and remedy. *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989); *McKnight v. Evancheck*, 907 So. 2d 699, 700 (Fla. 4th DCA 2005); *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998). We affirm.

Because Appellant filed meritless briefs that failed to provide a scintilla of cogent analysis or argument, failed to supply an adequate record, and completely failed to show that the trial court abused its discretion or committed any legal error, we are sua sponte imposing sanctions pursuant to section 57.105, Florida Statutes (2024).

<u>The Incredible Proceedings Below</u>

---

[1] The derivative consortium claim of Appellant's wife, Ann Shuler Waters, was also dismissed; however, she did not appeal.

[2] Appellant failed to provide this Court with the transcript of the motion to dismiss hearing, even after Appellee pointed out its absence.

To give a clear picture of the unconscionable conduct engaged in below by Appellant, we set forth in its entirety and adopt as part of our opinion the trial court's order and final judgment dismissing Appellant's case:

RAYMOND GALUSHA vs. LOWE'S HOME CENTERS, LLC
LT. CASE NO: 2018 CA 000763 A DIV CA
HT. CASE NO: 5D2024-1507
**Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller**
**#2024033279 BK: 3473 PG: 2236 6/5/2024 1:21 PM 2 Receipt: 2024029191**

Filing # 198335909 E-Filed 05/15/2024 08:49:05 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR SUMTER COUNTY, FLORIDA

Case No.: 2018-CA-00763
Division: CIVIL

RAYMOND GALUSHA AND
DR. ANN SHULER WATERS, JD PH. D.,

     Plaintiffs,

     and

LOWES HOME CENTERS, LLC.,

     Defendant,

## ORDER ON DEFENDANT LOWE'S MOTION DISMISS FOR FRAUD ON THE

### COURT

### FINAL JUDGMENT

**THIS MATTER** came before the Court on Defendant's Motion to Dismiss for Fraud ON THE COURT, filed on April 25, 2024, and heard for an evidentiary hearing on May 6, 2024. Defendant's counsel duly noticed this matter for hearing; Defendant's counsel appeared by video for the hearing, and the Plaintiffs, Raymond Galusha and Dr. Ann Shuler Waters, JD Ph. D., appeared by video, pro se. The Court, having considered the Motion, exhibits and arguments presented at the hearing, and otherwise being duly advised in the premises, notes, and the record reflects, the following:

#### Relevant Facts and History

On September 19, 2019, the Plaintiff filed his Complaint, alleging a single count of negligence on the part of the Defendant, resulting from garbage can lids falling from a shelf at the Defendant's store and hitting him on the face and arms, when he reached up and grabbed the garbage can lids, pulled one off the shelf and the others fell on him. Discovery took place in the

644

3

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2237 6/5/2024 1:21 PM 3 Receipt: 2024029191

case with interrogatories, request for production, and depositions. On July 5, 2023, the Plaintiff's prior attorney, Morgan and Morgan, moved to withdraw from her representation, "due to irreconcilable differences." The Plaintiffs has elected to remain "pro se" since that time. The Plaintiff informed the court that his wife, Dr. Ann Shuler Waters, JD Ph.D. Co-Plaintiff, has a law degree and apparently is not a member of the Florida Bar, is helping him in the case. Plaintiff, Galusha, testified that he and his wife have sued people in a car wreck in California and went to trial pro se and won.

The Court conducted an evidentiary hearing, as required by law, on May 6, 2024. At the hearing, the Defendant argued the facts and law contained in the Defendant's Motion. The Plaintiffs offered no evidence in response to the issues raised in the motion. The Plaintiff spent most of the hearing complaining about defense counsel in a dispute over whether there is video from the store. Counsel for Lowes advised the court first, Lowes denies that this event even happened and that there is no video from the isle where the Plaintiff alleges this happened. That the Plaintiff, Galusha's injuries are from a different event that did not occur at Lowes. The court, after reviewing the evidence agrees.

### Analysis and Ruling

"A trial court has the inherent authority to dismiss a law action when fraud has been perpetuated on the court." *Simmons v. Henderson,* 745 So. 2d 1031, 1032 (Fla. 2d DCA 1999) (affirming this principle, as that "power is indispensable to the proper administration of justice," but that power "should be cautiously and sparingly exercised and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing"); *see also Cox v. Burke,* 706 So. 2d 43, 46 (Fla. 5th DCA 1998). A court may only dismiss an action for fraud once an evidentiary hearing has been held or there is other evidence to warrant dismissal. *Howard v. Risch,* 959 So.

4

RAYMOND GALUSHA vs. LOWE'S HOME CENTERS, LLC
LT. CASE NO: 2018 CA 000763 A DIV CA
HT. CASE NO: 5D2024-1507

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2238 6/5/2024 1:21 PM 4 Receipt: 2024029191

2d 308, 311 (Fla. 2d DCA 2007). Such a dismissal is one with prejudice. *Saenz v. Pation Transport, Inc.,* 969 So. 2d 1145, 1145 (Fla. 5th DCA 2007); *Cox,* 706 So. 2d at 46.

Having reviewed the record, reviewing the exhibits and listened to the arguments of Defendant's counsel and the Plaintiffs, the *pro se* litigants, at the evidentiary hearing, it is apparent that there is a complete absence of evidence that the Plaintiff, Galusha, sustained an injury inside the Defendant's store on December 22, 2017, the date alleged in his Complaint or the other two dates the Plaintiff, Galusha, claims this happened, those being May 25, 2017 and July of 2018. In fact, the medical evidence contradicts much, if not all the Plaintiff's sworn testimony. The court has read the Defendant's Motion, the exhibits A and C filed on April 5, 2024, with the motion, the Plaintiff's depositions dated December 11, 2019, and September 17, 2020. The other exhibits that were filed on April 9, 2024, including all the medical records which support the dismissal in this case for fraud on the court.

Plaintiff, Raymond Galusha, gave a deposition on December 11, 2019. He was represented by counsel at the time. The testimony of the Plaintiff, Galusha, is that he went to Lowes in July of 2018 around 9:00 am or 10:00 am, (Depo 12/11/19 pg.58, 59) to buy a garbage can when this incident occurred. His complaint states at paragraph 6, this occurred on December 22, 2017. In the Plaintiff's sworn answers to interrogatories dated November 29, 2018, at question 25, the Defendant, was asked to give the exact date and time of the incident. The Defendant responded around 2:00-2:30 on 5/25/2017. The complaint uses December 22, 2017, as the incident date. The complaint has never been amended.

In Plaintiff, Galusha's first deposition dated December 11, 2019, he states that he has no memory problems. (pg. 26 Ln 1-6) He testified that he picked out a garbage can and then found the lids on a shelf at about the level of his eyes. He reached up with one hand took one off the

*5*

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2239 6/5/2024 1:21 PM 5 Receipt: 2024029191

top with one hand and the rest fell off the shelf and hit him in the face, hand and shoulder causing him injury. (Pgs. 65-77)

Galusha testified that after the lids fell, an employee came over and started picking up the lids. (pgs. 77,78) Shortly after, a manager came up and told the employee to leave. Galusha wanted to call a paramedic. The manager told Galusha that there was no incident in the store and that he would have to leave and that he (the manager) was not calling for a paramedic. (Pg. 80,81) The manager told Galusha that he did not see any injuries on Galusha and that if he wanted to call paramedics, he could call them himself. (pg. 85) Then two security guards showed up and escorted Galusha out of the store. Galusha called for a paramedic while outside the store. According to Galusha, one of the security guards stayed with him. This security guard according to Galusha, voluntarily made a statement to Galusha that the store had a meeting that morning and discussed that the garbage can lids were a safety hazard. (pg. 81) Galusha described the security guards as thugs, that they had on uniforms, and one had on a gun. (pg. 84) After a few minutes being outside, the second security officer came back and told Galusha he would have to leave the premises. That he could not wait in the parking lot. (pg.88) The second officer escorted Galusha to his car. (pg. 95) Galusha then left Lowes and drove straight to the hospital, which turned out to be Citrus Memorial Hospital. Depo (pg. 97 Ln 14-25) Galusha was checked out at Citrus Memorial Hospital for a sore neck and discharged and told to see his personal doctor the next day, which he did.

Galusha, when ask about prior injuries to his neck, testified that he had a compression fracture neck injury in 1978 jumping out of an airplane in the service. (pg. 129) He wore a neck harness for a couple of days, medication for a couple of weeks, TENS unit. He was later discharged. Then he was specifically ask the following:

647

6

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2240 6/5/2024 1:21 PM 6 Receipt: 2024029191

Pg 130, Ln 12,

Q. "Okay. Did you ever injure your neck again prior to the incident at Lowes.?"

A. "Never, not my neck."

Ln. 22.

Q. Did you ever go for medical treatment for your neck? Besides that incident in 1978, have you gone for any other treatment for your neck prior to Lowes?

A. No

Galusha testified that Dr. Gelin has treated him five to seven years ago for stiffness in the neck, from his original injury, but no additional injury was ever done to the neck prior to Lowes. (Pg. 132 Ln 3,9) Galusha denied that he has had any accidents where he suffered any injuries to the neck prior to the incident at Lowes. (Pg 133 Ln 1,5)

**Galusha testified that the only two injuries to his neck in his lifetime were the incident in the service jumping out of the plane and the incident at Lowes. (Pg 133 Ln 6-15)**

**THE MEDICAL RECORDS**

First the court finds that it is significant that according to Galusha based on his own testimony, he left Lowes and drove straight to Citrus Memorial Hospital. The only medical records show that Galusha was at admitted at Citrus Memorial are on February 28, 2017, at 7:04 am complaining of neck pain/injury. (Med rcd pg. 2 of 34) See also, patient sign in sheet that states, " H/O Cervical Fus, neck pain since Friday, S/P Tree Injury Struck Neck. Dated 2/28/2017 7:04 am. (med rcd 21 of 34) This doesn't match any of the three dates Galusha has sworn to in this case stating he was in Lowes. At 7:50 am Galusha is being treated by nurse Melisa Medlin who notes in her assessment "pt here for neck pain after branch it (hit) left side of neck. States he has had neck surgery in the past. (med rcd pg. 7 of 34) At 7:19 am Galusha is

seen by Nurse Hanna Hogan. Hogan notes "pt states that he has had neck pain since Friday when he got hit by a tree limb in the neck. Hx. Of broken neck per pt. (med rcd 23 Of 34)

At 7:39 Galusha is seen by the ED physician Dr. Malik Pottinger, OD. Dr. Pottinger writes,

The patient presents with 61-year-old male presents to ED with neck pain onset 3 days ago. Patient states that he was cutting down a tree when a branch hit him in the neck. Patient notes that he has an infusion between his 5th and 6th vertebrae. The onset was 3 days ago. The course/ duration of symptoms is constant. Location; cervical spine. Type of injury; direct blow. The location of where the incident occurred was at work. Radiation pain none.

The court finds that this is totally contrary to Galusha 12/19/2017 deposition testimony where he states there has only been two injuries to his neck. The one in the service in 1978 and Lowes. See above.

The next record from Citrus Memorial Hospital for this Defendant is dated May 7, 2017, at 10:57 pm. (med rcd 12 of 18) Complaining of head pain, stomach, and throwing up. Galusha was seen by Nurse Jocelyn Wilkens at 11:49 pm. Wilkins noted as chief complaint from patient: neck pain worse today that has been there for 3 days. **denies trauma**. Full range of motion. Feels like "Charlie horse" in the neck.

Galusha is seen by the ED physician, Bradresh Patel Pcp and or Dr. John Gelin, MD. After midnight on 05/08/2017. Chief complaints: Neck pain at the base of skull- muscle strain intermittent x 3 weeks.

Assessment: 1. Neck Pain, 2, Muscle spasms of neck, 3, Arthralgia. Galusha was given medication and discharged. Here no mention of Lowes.

Galusha next goes to the Citrus Spine Institute on May 28, 2017. There his chief complaint is the following:

8

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2242 6/5/2024 1:21 PM 8 Receipt: 2024029191

The patient arrives today for evaluation of cervical spine radicular pain. He states that he was going to see me in May as he had significant cervicalgia been cutting down a tree. Last week however, he went to Lowes hardware store to get a trash can and he had a whole pile of lids fall on him from a height. He was struck in the face knocking out two teeth on the left side. He complained since that time of neck pain and throbbing as well a heaviness in his arms. He also complains of pain radiating down both arms. There are no alleviating factors. The severity of his pain is moderate at this time. There appears to be an acute inflammatory component going on. There is no diurnal timing.

When further questioned, the patient states that he had a history of neck issues as well when he was in the Armey and sustained some type of cervical spine fracture which may have resulted in a auto fusion. He states that he was in a cervical spine halo for a period for a period of 6 weeks. He is represented by Friggen and Friggen in Ocala.

Here, for the first time, Galusha does mention Lowes, but even here Galusha states he had a significant cervicalgia cutting down a tree. The very thing he declined to tell defense counsel. Then he makes the statement that the Lowes incident occurred last week. This is nowhere near the only admission to Citrus Memorial on 02/28/2017 that Galusha swore he went to from Lowes. Further, his description of the 1978 incident where he injured his neck is more severe than what he told defense counsel in his sworn deposition. (Depo. Dec 2019 pg. 129)

Galusha last record visit with Citrus Spin Institute on November 8, 2019. (med rcd 1 of 3) complaining of neck pain. He reports on that date that he was involved in a motor vehicle accident, where he rear-ended another vehicle in Inverness on October 26, 2019. In the notes he is post cervical fusion from C4-C6 in July 2017. Galusha denies being involved in this motor vehicle accident in his deposition (September 2020 dep pg. 32 Lns. 12-20) Galusha told his doctor he was involved in a previous lawsuit with Lowes when a trash can lid hit him on the head.

The court finds two things from this medical record. First, Galusha, according to the above record, had a three-level cervical fusion in July of 2017. Galusha in his complaint, claims the Lowes incident took place first on December 22, 2017, then in his deposition of December

650

9

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2243 6/5/2024 1:21 PM 9 Receipt: 2024029191

2019 he swears the incident at Lowes took place in July of 2018. Those two dates are not possible, because he would have had the surgery before the dates, he claims it happened.

Then considering all Galusha's above testimony, especially that Galusha testified that when he was made to leave Lowes parking lot, he drove straight to Citrus Memorial Hospital for treatment. Galusha's only date left is May 25, 2017. There are no medical records submitted by either party showing that Galusha went to Citrus Memorial Hospital as he testified that he did, other than 02/28/2017.

The only medical records showing Galusha went to the ED at Citrus Memorial Hospital is on February 28, 2017, at 7:08 am. More import, is the fact that Galusha, only reports to the medical staff at Citrus Memorial, that he hurt his neck cutting down a tree three days earlier. Nothing is mentioned at all about Lowes.

Galusha, is asked repeatedly by defense counsel about other injuries to his neck in his deposition on December 11, 2019. Galusha, repeatedly denies under oath of any injury to his neck other than the alleged incident at Lowes and the injury in 1978. (Depo Dec. 2019 pg. 129 ln. 16, pg. 133 ln 18) Galusha never tells defense counsel about being injured when he was cutting down a tree and injuring his neck in February of 2017.

The overall evidentiary record demonstrates that the Plaintiff "has sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's defense." *Cox*, 706 So. 2d at 46 (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)). This attempt to defraud the Court is sufficient to warrant dismissal of the action.

*8*

651

10

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2244 6/5/2024 1:21 PM 10 Receipt: 2024029191

In *Cox*, the plaintiff brought a legal malpractice suit against attorneys hired to represent her in a medical malpractice case. **706 So. 2d at 44-46.** At an evidentiary hearing on the defendants' motion to dismiss based on fraud, the defendants argued that false and inconsistent information provided by the plaintiff prevented them from obtaining the necessary information to adequately defend her medical malpractice claim and argued that the misrepresentations went directly to the issue of damages. *Id.* The Fifth District determined that the plaintiff perpetrated a fraud on the court by bringing her fraudulent legal malpractice action based on the misrepresentations that she made in her medical malpractice claim. *Id.* Similarly to *Cox*, it appears that the Plaintiff, Galusha, not only gave recurrent false or misleading information not only about the event, but also about the timeframe leading up to and after the event.

The integrity of the civil judicial system is founded on truthfulness. Here, there are falsehoods that are apparent from the depositions, interrogatories and medical records that are irreconcilable with the Plaintiff's testimony, including the fact that the medical records clearly reflect that the Plaintiff injured his neck cutting down a tree and went to the only admission at Citrus Memorial on February 28, 2017. None of the dates Galusha says he was injured at Lowes. An event that did not occur at Lowes. In short, Galusha's own statements to the medical staff at Citrus Memorial and Citrus Spine Institute plainly contradicts the Plaintiff's entire version of the events. It also shows Galusha's attempt to conceal the motor vehicle accident in October of 2019 and the tree injury to mislead the defense. Galusha ultimately had surgery on his hand after the motor vehicle accident and blamed the injury on Lowes. (Depo Sept. 17, 2020, pg. 8 ln. 12)

Furthermore, the Defendant has proven by clear and convincing evidence that the Plaintiff's claim, that he was injured in the Defendant's store as alleged in his Complaint is fabricated. The Defendant has demonstrated that the Plaintiff has willfully engaged in an

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2245 6/5/2024 1:21 PM 11 Receipt: 2024029191

unconscionable scheme calculated to perpetrate a fraud upon the Court and calculated to interfere with the judicial system's ability to impartially adjudicate the matter by attempting to improperly influence the trier of fact. The Plaintiff's conduct in this case is distinguished from those cases where plaintiffs have exhibited inconsistent discovery responses, non-disclosures, poor recollection of past medical histories, etc., by the fact that Plaintiff's willful fabrication of events reaches the very core of his alleged action. Here, the matters are not inconsistencies or forgetfulness or even non-disclosures--they are fabrications which cannot be justified considering the medical record and discovery evidence and record deposition testimony. Appellate courts throughout Florida have reversed dismissal where the inconsistencies have been simply a lack of disclosures or could be explained by forgetfulness. However, that is not the case here--the record in this case demonstrates that the Plaintiff intentionally falsified his testimony. *See, e.g., Jesse v. Commercial Diving Academy of Jacksonville, Inc.*, 963 So. 2d 308, 309 (Fla. 1st DCA 2007) (upholding the trial court's dismissal because there were findings that "demonstrate[d] clearly and convincingly that appellant did, in fact, intentionally testify falsely on a material issue"); *Distefano v. State Farm Mut. Auto Ins. Co.*, 846 So. 2d 572, 575-576 (Fla. 1st DCA 2003) (determining that false testimony in deposition could not be excused as faulty memory or forgetfulness because her conflicting testimonies suggested an intent to deceive). The Court also finds that the "staging" of the fall suggests an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate this matter." *Ramey v. Haverty Furniture Cos., Inc.* 993 So. 2d 1014, 1018 (Fla. 2d DCA 2008) (citing the test from *Auode*, 892 F.2d at 118).

The basis of this suit is merchandise falling on the Plaintiff in the Defendant's store that allegedly caused an injury that occurred because of the negligence of the Defendant. If there was

no evidence of injury to Plaintiff from falling trash can lids in the store on any of the dates alleged by Galusha or any other date, the underlying theory of negligence fails, and all other matters (i.e., duty, breach of duty, causation and damages) fall by the wayside. More importantly, if there was no incident that caused the injury, the discovery, and costs and labor included therewith, become unnecessary. Here, there is evidence that was admitted at the evidentiary hearing that the incident did not occur as the Plaintiff described. The evidence consisted of statements made by Plaintiff Galusha describing how he was injured. That being cutting down a tree and a limb striking him in the neck three days before he went to the emergency room at Citrus Memorial Hospital. Plaintiff did not dispute these records at the hearing on the motion. Plaintiff only argued that defense counsel had altered the records. There is no evidence that the medical records have been altered.

The Plaintiff's testimony under oath at the depositions can only be described as false and misleading as to a central issue in this case. *See Long v. Swofford*, 805 So. 2d 882, 884 (Fla. 3d DCA 2001) ("The plaintiff's false or misleading statement given under oath concerning issues central to her case amounted to fraud."). When there is evidence to show that a plaintiff "clearly and convincingly demonstrates [that the plaintiff] deliberately attempted to mislead and deceive the defendant about matters which strike at the very heart of her claim . . ., [the] court simply cannot condone [the plaintiff's] lack of candor." *Austin v. Liquid Distributors, Inc.*, 928 So. 2d 521, 521-522 (Fla. 3d DCA 2006) (also indicating that when a plaintiff's "misrepresentations go to the heart of her claim and subvert the integrity of her action" the trial court is under an obligation to dismiss the action).

The cited cases demonstrate that there can be no more serious violation than exaggerating or fabricating the alleged negligent event itself. When the issues involve the actual

Official Records Citrus County FL, Angela Vick, Clerk of the Circuit Court & Comptroller
#2024033279 BK: 3473 PG: 2247 6/5/2024 1:21 PM 13 Receipt: 2024029191

occurrence of the negligent event, the extent of the misrepresentation is self-evident. *See, e.g., McKnight v. Evancheck*, 907 So. 2d 699 (Fla. 4th DCA 2005) (agreeing with the trial court's decision to dismiss the action for fraud when the trial court found that the plaintiff "lied about his extensive medical history, which had a direct bearing on his claim for damages"); *Piunno v. R.F. Concrete Const., Inc.*, 904 So. 2d 658, 658 (Fla. 4th DCA 2005) (upholding the trial court's dismissal of the plaintiff's action when the trial court made a finding that the plaintiff misrepresented his past medical and litigation histories, which were central to the action before the court). When the incident itself is fabricated, clearly the fraud permeates the entire case, thus warranting dismissal of the entire action. *Savino v. Florida Drive In Theatre Management, Inc.*, 697 So. 2d 1011, 1012 (Fla. 4th DCA 1997).

**THEREFORE**, having considered all the evidence, the authority cited by counsel and in this Order, and argument by both parties, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

Defendant's Motion to Dismiss for Fraud shall be hereby **GRANTED WITH PREJUDICE**, and it is **ADJUDGED** that the Defendant shall go hence without day. The court awards cost to the Defendant and reserves jurisdiction on attorney fees.

**DONE AND ORDERED** in Chambers at Inverness, Citrus County, Florida on the 15th day of May 2024.

_____
Honorable Edward Scott, Circuit Judge

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the **Order on Defendant Lowe's Motion Dismiss for Fraud on the Court Final Judgment, case 09-2018-CA-00763** has been sent via U.S. Mail or by electronic mail delivery on this 15th day of May, 2024 to the following:

655

14

## Sua Sponte Imposition of Sanctions

Furthermore, we sua sponte impose sanctions on Appellant pursuant to section 57.105(1), Florida Statutes (2024), as he knew or should have known that his attempt on appeal to reverse the lower court was not supported by material facts or applicable law. As noted in the trial court's order and final judgment, Appellant chose to proceed pro se after his counsel was permitted to withdraw prior to the filing of Appellee's motion to dismiss. Appellant described himself and his co-plaintiff wife as being "well schooled in the law" and "hardly unschooled pro se litigants." The briefs filed by Appellant in this case completely fail to point out any finding of the trial court that is not supported by clear, convincing, competent, substantial evidence, nor do they demonstrate that the trial court abused its discretion or committed any legal error.

This case is the epitome of a frivolous, meritless appeal; yet Appellee was obligated to participate and advocate. The sanction imposed against Appellant is an award of reasonable appellate attorney's fees incurred by Appellee in this appeal. On remand the trial court shall determine what the amount of those reasonable fees are by taking evidence and entertaining argument, following which it shall enter a final order requiring payment by Appellant to Appellee.[3]

AFFIRMED; REMANDED FOR CALCULATION OF ATTORNEY'S FEES.

MAKAR and SOUD, JJ., concur.

---

[3] If Appellee should choose to forego any further proceedings and waive its fees, it is free to do so by timely filing appropriate papers with the trial court.

15

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————