JOHNSON, Chief Judge.
This is an appeal from an order of the County Judge of St. Johns County, Florida, denying the petition for letters of administration filed by one William J. Smith, as an alleged creditor of the estate of the deceased, Etta R. Raymond.
The petition recites the names and addresses of the surviving spouse and two sons, and does not ask for any particular person to be appointed administrator. The petition alleges that the petitioner is a creditor without stating how or in what manner or for what purpose petitioner became a creditor of the estate, but the order appealed from states that from representations made by the attorneys for petitioner any claim petitioner had against the said estate grew out of an automobile accident in which personal injuries were alleged to have been suffered by the petitioner, and that said claim was not a liquidated claim. Based thereupon the court denied the petition for letters of administration. It is from this order appeal is taken.
It appears that the only reason the petition was denied was that the claim was un-liquidated. Chapter 732 of Florida Statutes F.S.A. points out that any person who is sui juris and a citizen of United States and resident of Florida is qualified to act as personal representative, with some exceptions. Preferences in appointment is provided in F.S. 732.44, F.S.A. and F.S. 732.43, (3) F.S.A. provides for citation to issue to all known persons qualified to act as administrator and entitled to preference over the person applying.
It appears from the petition that there is a surviving spouse and two sons, each of whom are over 21 years of age and presumably qualified to act as administrator. The surviving spouse and then the next of kin have preferences in appointment over anyone else and therefore, before letters could or should be issued to any one other than the surviving spouse citation should issue as provided supra. This was not done in this case and therefore the petition should not have been granted appointing any one other than the surviving spouse, but this was not the basis upon which the County Judge denied the petition.
There does not appear to be any argument about the statute authorizing a petition for letters to be filed by any interested person, including' a creditor. The question in the County Judge’s mind seems to be that the claim was unliquidated. We are of the opinion that this reasoning was in error. There are numerous cases wherein estates have been sued because of injuries or damages arising out of automobile accident cases in which the alleged negligent operator of one of the vehicles suffered fatal injuries. In none of these cases could it be said that the claims were liquidated at the time suit was instituted.
The fact that a creditor may file the petition for appointment of an administrator is substantiated by the Supreme Court of Florida in In Re Estate of Esther Bush, 80 So.2d 673, wherein a creditor petitioned for the appointment of an administrator after waiting about nine months after death of the decedent and no one with preference had filed. The alleged creditor filed the petition. The Court reversed the order appointing the person requested by *86 the creditor, but only because proper citation and preference was not afforded as prescribed by statute. An administrator was appointed, however, without the necessity of a new petition, therefore giving sanction to the creditor’s filing.
The fact that the claim of the creditor in the case sub judice was unliquidated is not a good and proper ground for refusal to appoint an administrator. Until an administrator is appointed a claim such as involved here could never become liquidated and if those entitled to preference in appointment so desired, they could forever prevent a creditor from reducing his claim to a liquidated status.
For the reasons stated, the order denying the petition is reversed and this cause remanded to the County Judge for further action thereon according to this decision, after requiring proper citation, if the appointment is to be to one other than the surviving spouse.
Reversed and remanded.
WIGGINTON and SPECTOR, JJ., concur.