PER CURIAM.
Subsequent to our remand of this case to the lower court following reversal of an earlier order [In Re Estate of Raymond, 237 So.2d 84 (Fla.App.1970)] denying appellant’s petition for the appointment of an administrator of the decedent’s estate, the trial court entered its order again denying appellant’s petition for appointment of an administrator.
The principal facts underlying this proceeding are set out in our earlier decision, supra.
It appears from the face of the order appealed that the reason appellant’s petition was again denied was that the court failed to ascertain that there is any property in decedent’s estate out of which the costs of administration, attorney fees and preferred claims might be paid. An additional ground recited was the court’s failure to ascertain that there are any assets in the estate out of which the alleged claim of appellant, petitioner below, could be paid. The court concluded its denial order stating that the appointment of the personal representative would subject the heirs at law of the deceased to unnecessary costs and expenses.
Following the going down of our earlier mandate in this cause, appellant amended the petition for appointment by reciting that at the time of her death decedent owned certain real property in St. Johns County valued at an estimated $11,000. Also alleged to be owned by her were an automobile liability insurance policy valued at $20,000 and clothing, jewelry, other personal effects and a 1962 Chevrolet coupe automobile, value of which items of personalty was undetermined.
Thereafter, Arthur Thomas White, one of decedent’s surviving sons, filed his answer to the petition asserting, inter alia, that the decedent was the head of the household, and that she and her husband resided on the real property listed in the petition and that the same was homestead property which is not subject to probate or the claims of creditors.
Appellant insists that as a claimant against the decedent’s estate, he is entitled to a judicial determination of the status of the subject realty. We agree. The court below is vested with jurisdiction to make such determination. See In Re Noble’s Estate, 73 So.2d 873 (Fla. 1954). Should it appear at any time during the course of administration that the estate consists of no more than homestead and exempt property, the trial court is vested with authority to order appropriate distribution and discharge the personal representative, Section 734.08, Florida Statutes.
Apparently, the court’s order of denial rests primarily upon concern for the payment of necessary fees and costs customarily attending the administration of a decedent’s estate. During oral argument of this cause, appellant’s counsel represented to this court his willingness to make a cost deposit with the trial court as he had proffered to do while the case was still in the lower court. Appellant’s offer in this regard should be approved. Accordingly, appellant is directed to deposit $200 in the registry of the trial court to *126 be subject to be taxed as costs as the court below may direct.
The order appealed is reversed and this cause is remanded with directions that an administrator of the herein estate be appointed so that it may be determined whether the decedent owned any assets at the time of her death which may be subjected to claims of creditors.
RAWLS, Acting C. J., and WIGGIÑ-TON and SPECTOR, JJ., concur.