FLETCHER, Judge.
Loraine Harrison (a/k/a Loraine Harrison-French) was sued by Gwendolyn Elmore, individually and as mother and next friend of Jackie Elmore, for damages alleged to have resulted from the negligent operation of Harrison’s automobile by Albert Washington (also named as defendant by Elmore). During the pendency of the action Harrison died and her defense attorney appropriately filed and served a suggestion of death. Pursuant to Rule 1.260(a)(1), Florida Rules of Civil Procedure,[1] a motion was in order for substitution of the proper parties (or dismissal as to the deceased party if the motion for substitution was not made within ninety days after the suggestion of death.)
After the suggestion of death was filed Elmore filed a “Motion to Compel Substitution of Party Defendant,” seeking the substitution of Harrison’s personal representative as a party defendant. As no estate had been opened and no personal representative named, however, Elmore’s motion requested that Harrison’s defense attorney be ordered to open the estate so that the personal representative could be substituted as a party defendant. The trial court granted the motion and ordered Harrison to substitute the estate of Loraine Harrison as a party defendant.
Harrison’s defense attorney, in Harrison’s name, seeks certiorari review of the order granting Elmore’s motion. As Harrison is incapable of opening her own estate, we read the order as requiring her defense attorney to do so, as requested in Elmore’s motion. Finding this to be a departure from the essential requirements of the law we grant certiorari and quash the order.
First, we observe that Harrison’s defense attorney was her representative only for the purpose for which his services were retained, i.e., to defend her interests in the negligence action. The court was without authority to order him to undertake other matters. Indeed, after the suggestion of death was filed even his authority to proceed in the negligence action itself became limited. See Cope v. Waugh, 627 So.2d 136 (Fla. 1st DCA 1993).
*325 We additionally observe that this does not leave Elmore without the ability to protect her interests as she is free, as an unliquidated creditor, to seek the opening of Harrison’s estate. In re Estate of Raymond, 237 So.2d 84 (Fla. 1st DCA 1970). In that regard, as it was Harrison’s defense attorney who filed the suggestion of death, he has the obligation of disclosing information as to the identity of next of kin (and, if the estate has been opened, the identity of the personal representative), assuming he has this information or it is reasonably available to him. Scutieri v. Miller, 584 So.2d 15 (Fla. 3d DCA 1991).
Writ issued; order under review quashed.

. Which reads:
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceas’d party.
The 90-day time period may be extended for good cause shown. Scutieri v. Miller, 584 So.2d 15 (Fla. 3d DCA 1991).