PER CURIAM.
In 1991, a final judgment was entered against Marie Buscemi and in favor of David Bolton-in Circuit Court Case No. 90-58735. In an attempt to execute the judgment, Mr. Bolton made several failed attempts to serve Ms. Buscemi with a notice of deposition. After learning that Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A., Jeffrey A Hirsch and Kenneth A. Horky [collectively *98 Greenberg Traurig] were representing Ms. Buscemi in another pending circuit court .matter (Case No. 92-10196),[1] Mr. Bolton served Greenberg Traurig with a notice of deposition in Case No.. 90-68735 seeking to discover: 1) the whereabouts of Ms. Busce-mi, and 2) information relating to Ms. Busce-mi’s assets. Based primarily on the attorney-client privilege, Greenberg Traurig filed motions for protective order and to quash the subpoenas. The trial court granted the motions, but ordered Greenberg Traurig to accept service of the notice of deposition for Ms. Buscemi and to advise the trial court of the time and manner in which Ms. Buscemi was advised of the deposition. Greenberg Traurig’s petition for writ of certiorari and Mr. Bolton’s cross-petition for writ of certio-rari followed.
Greenberg Traurig petitions for a writ of certiorari to quash the portion of trial court’s order requiring Greenberg Traurig to accept service of a notice of deposition for Ms. Buscemi. We grant the petition.
Rule 1.080(b), Florida Rules of Civil Procedure, provides, in part, as follows: “When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.” Pursuant to Rule 1.080(b), because Greenberg Traurig does not represent Ms. Buscemi in Case No. 90-58735, the trial court departed from the essential requirements of law by ordering Greenberg Traurig to accept service of the notice of deposition on behalf of Ms. Buscemi.
Moreover, Greenberg Traurig’s position is further supported by this Court’s opinion in Harrison-French v. Elmore, 684 So.2d 323 (Fla. 3d DCA 1996). In Harrison-French, the defendant in an automobile negligence action died while the action was pending. After the defendant’s attorney filed and served a suggestion of death, the plaintiff filed a motion to compel the defendant’s attorney to open an estate so that the estate’s personal representative could be substituted as a party defendant. The trial court granted the motion. The defendant’s attorney petitioned this Court for a writ of certiorari to review the trial court’s order granting the plaintiff’s motion: This Court granted the petition and quashed the order under review holding that “[the defendant’s] attorney was her representative only for the purpose for which his services were retained, i.e., to defend her interests in the negligence action. The court was without authority to order him to undertake other matters.” Therefore, as in Harrison-French, the trial court was without authority to order Greenberg Traurig to undertake the representation of Ms. Buscemi in Case No. 90-58735, when Ms. Buscemi had hired Greenberg Traurig to represent her only in another matter. Accordingly, we grant certiorari and quash the order under review insofar as it requires Greenberg to accept service of the notice of deposition and to apprise the trial court of time and manner in which Ms. Buscemi was advised of the deposition.
David Bolton filed a cross-petition for a writ of certiorari seeking to quash the portion of the trial court’s order granting Green-berg Traurig’s motion for protective order and to quash the subpoenas. We grant the cross-petition.
The information sought to be discovered by Mr. Bolton fell within two categories: 1) information that will lead to the whereabouts of Ms. Buscemi, and 2) information relating to Ms. Buscemi’s assets. First, as to the information regarding Ms. Busce-mi’s whereabouts, McCormick on Evidence states that: “The traditional and still generally applicable rule denies the privilege for the fact of consultation or employment, including facts of the identity of the client, such identifying facts about him as his ad-dress_” John William Strong, McCormick on Evidence § 90 (4th Ed.1992) (footnotes omitted); Cf. Mercado v. Parent, 421 So.2d 740 (Fla. 4th DCA 1982). Next, because the information and/or financial documents that Mr. Bolton is seeking regarding Ms. Buscemi’s assets is not privileged in Ms. Buscemi’s hands, they “cannot be shielded by transferring them to the attorney.” *99 Goldberg v. Ross, 421 So.2d 669 (Fla. 3d DCA 1982). Therefore, since the information sought is not privileged, the trial court’s order departed from the essential requirements of law. Accordingly, we grant Mr. Bolton’s cross-petition for writ of certiorari and quash the order granting Greenberg Traurig’s motion for protective order and motion to quash the subpoena.
Petitions granted; orders quashed.

. On December 3, 1997, the trial court granted Greenberg Traurig’s motion to withdraw from the representation of Ms. Buscemi in Case No. 92-10196.