GRIFFIN, J.
 

 In this first-party bad faith action brought pursuant to section 624.155, Florida Statutes (2007), Petitioner insurer
 
 *657
 
 seeks certiorari review of an order of the trial court granting Respondent claimants discovery of certain documents that insurer claims are protected by attorney-client privilege. We deny in part and grant in part the petition for writ of certiorari. As we will briefly discuss below, we conclude that nothing in
 
 Allstate Indemnity Co. v. Ruiz,
 
 899 So.2d 1121 (Fla.2005), eliminates the attorney-client privilege in first-party insurance eases where the plaintiff asserts statutory bad faith under section 624.155.
 
 [1]
 

 XL Specialty Ins. Co. v. Aircraft Holdings, LLC,
 
 929 So.2d 578 (Fla. 1st DCA 2006). Moreover, even if the privilege were eliminated, such a nullification of privilege cannot logically extend to communications made after the underlying first-party insurance dispute is adjudicated.
 

 All of the three disputed documents at issue in this proceeding were generated following entry of the “excess” judgment against Petitioner. Apart from their doubtful relevance, the two memoranda are not discoverable for that reason. The third, a bill for legal services, does contain a description of billed-for attorney activities that predate the underlying judgment. Therefore, under the assumption that invoices for legal services are not inviolate and that their discovery is within the discretion of the trial court — and given our conclusion that no substantive, privileged communications are contained in the statement — and with the caveat that post-litigation entries must be redacted prior to disclosure — we will not disturb the trial court’s order that the statement be discovered.
 

 There are essential distinctions between an immunity from discovery based on the work product doctrine and the attorney-client privilege. First, they have different sources — work product immunity is governed by rule and is designed to facilitate litigation. The attorney-client privilege is the oldest confidential communication privilege known in the common law and is now codified by statute and contained in the Evidence Code, section 90.502, Florida Statutes (2007). The purpose of the attorney-client privilege is to “encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.”
 
 American Tobacco v. State,
 
 697 So.2d 1249, 1252 (Fla. 4th DCA 1997)
 
 (quoting Haines v. Liggett Group, Inc.,
 
 975 F.2d 81 (3d Cir.1992)). It is an interest traditionally deemed worthy of maximum legal protection.
 
 Id.
 
 The principles governing application of the attorney-client privilege and work product immunity and exceptions to their application— differ.
 

 On the other hand, work product is a device born of practical necessity to facilitate the orderly prosecution and defense of lawsuits.
 
 Hickman v. Taylor,
 
 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). It is designed to protect the work and
 
 *658
 
 mental impressions of counsel under the circumstances controlled by Florida Rule of Civil Procedure 1.280(b)(3). Work product may be susceptible to disclosure based on considerations of need and relevance; attorney-client privilege is not. Although the Florida Supreme Court has concluded that section 624.155 applies to first-party insurance disputes as well as third-party claims, and that the immunity from disclosure of the claim file based on work product ought not to apply, nothing in Ruiz suggests that the attorney-client privilege available to any contracting party, including insurers, somehow evaporates uniquely for insureds upon the filing of a bad-faith claim. We see nothing in
 
 Ruiz
 
 to suggest that a first-party insurer against whom a bad faith claim has been made is subject to the exposure of all its communications with its own counsel.
 

 A first-party claim under section 624.155 is subject to an objectively determinable test — whether, if it acted fairly and honestly and with due regard for her or his interests, the insurer should have paid its insured more money. Proof of the claim does not depend on disclosure of attorney-client communications, and even if it did, it would not justify eliminating the privilege. As with virtually any other dispute resulting in litigation, communications between an insurance company and its attorney might be revealing, or even probative, but that will not defeat the privilege because it has a broader purpose. Nor, seemingly, would it be prudent in the larger scheme, to create an environment in which an insurer is unable to engage in candid discussions with its counsel about the legal justification for its conduct.
 
 See generally, The Elastic Contours of Attorney-Client Privilege and Waiver in Context of Insurance Company Bad Faith: There’s a Chill in the Air,
 
 34 Seton Hall L. Rev. 513 (2004),
 
 cf. Adega v. State Farm Fire and Cas. Ins. Co.,
 
 2008 WL 1009719 (S.D.Fla. Apr. 9, 2008).
 

 Section 90.502 recognizes certain limited exceptions to attorney-client privilege, most notably, where a crime or fraud is facilitated through attorney-client communications. § 90.502(4)(a), Fla. Stat. (2007). There are also implied waivers, such as litigant’s reliance on an “advice of counsel” defense. But those are not implicated here. If there is to be a “first-party-bad-faith-brought-under-section-624.155-exception” to Florida’s statutory privilege for communications between attorney and client, it would be up to the Legislature to create it.
 
 [2]
 

 WRIT DENIED in part and GRANTED in part.
 

 PALMER, C.J. and LAWSON, J„ concur.
 

 [1]
 

 . There is one phrase, on page 1129 of the
 
 Ruiz
 
 opinion:
 

 In contrast, a case like this one is totally indistinguishable from the familiar “bad faith" failure to settle or defend a third-party's action against a liability carrier's insureds. In those cases, like this one, the pertinent issue is the manner in which the company has handled the suit
 
 including its consideration of the advice of counsel
 
 so as to discharge its mandated duty of faith. Virtually the only source of information on these questions is the claim file itself.
 

 (Emphasis supplied.) It is not clear what this means; it may be a reference to a defense of advice of counsel. This one cryptic phrase in a ten-page opinion, otherwise expressly pertaining to work product, is no basis to conclude that the attorney-client privilege no longer exists in first-party insurance cases.
 
 See Ruiz, 899
 
 So.2d at 1132 (Wells, J., dissenting).
 

 [2]
 

 . In
 
 Spiniello Companies v. Hartford Fire Ins. Co.,
 
 2008 WL 2775643 (D.N.J. July 14, 2008), the court observed that judicial recognition of a right to pierce attorney-client privilege by bringing a first-party bad faith claim is a minority view best not to be adopted.