SUAREZ, J.
The Petitioner, R.L.R., seeks a writ of mandamus to compel the lower court to reverse its order directing the minor Petitioner’s Attorneys Ad Litem to disclose the Petitioner’s whereabouts, where the Petitioner had given the information to his attorneys and requested them not to disclose the information. The trial court’s order requiring the attorneys to disclose this information recognizes the attorney-client privilege but finds the disclosure is required “for the proper administration of justice.” We treat this as a petition for writ of certiorari, grant the writ, and quash the order on appeal.
*572 The issue presented in the petition is whether a trial court may order attorneys to disclose a minor client’s location when the attorneys obtained that information from the client during the course of representation and were instructed that the information was to be kept confidential and was not to be disclosed. We find no exception to the attorney-client privilege that would support the trial court’s order to disclose.[1]
In 2008, R.L.R. was adjudicated dependent and placed into the care of the Department of Children and Families (“DCF”). At that time, attorneys Angela Vigil and Robert Moore were appointed by the trial court as pro bono Attorneys Ad Litem (“AAL”) to represent R.L.R. The record indicates that the Guardian Ad Li-tem (“GAL”) program was not appointed to R.L.R.’s case until mid-2012. On April 11, 2013, the court (Lederman, J.) learned that R.L.R. had run away from yet another attempt to place him in DCF care. At that point, R.L.R. had a lengthy history of absconding from numerous DCF placements.[2] DCF expressed a concern for the minor’s well-being and requested disclosure of the minor’s location. The trial court ordered the AAL to produce information on R.L.R.’s whereabouts. The AAL refused to disclose this information, asserting that, although they knew where R.L.R. was, he had expressly requested them not to disclose his location or cell phone number. The AAL asserted that R.L.R. disclosed his location to them in confidence, in connection with their ongoing representation of him in his dependency proceedings, and his disclosures to them were clearly encompassed by the attorney-client privilege. The lower court entered the order in question requiring the AAL to disclose the information, but stayed rendition of the order so that the AAL could appeal the issue. The trial court’s order specifically finds that the exceptions to the attorney-client privilege contained in Rule 4-1.6(b)(2) of the Rules Regulating the Florida Bar do not apply in this case. It found disclosure was not necessary to prevent a crime or death or bodily harm to another, which are the only exceptions for disclosure under the rule. The court recognized that there appeared to be no precedent in Florida’s child welfare law on this issue. The trial court nevertheless ordered the disclosure, finding it necessary because the minor is a danger to himself by virtue of being on the street and not in the protection of DCF. As such, the court reasoned it could compel disclosure in the interest of the proper administration of justice.
The Attorneys Ad Litem are independent of the GAL program and were appointed to provide legal representation to R.L.R. pursuant to Florida Rule of Juvenile Procedure 8.217. Rule 8.217(c) specifically states that “the attorney ad litem shall have the responsibilities provided by law.” The comments to Rule 4-1.2 of The Florida Rules of Professional Conduct state that, as part of those responsibilities provided by law, “regardless of the circumstances, a lawyer providing limited representation forms an attorney-client relationship with the litigant, and owes the client all attendant ethical obligations and duties *573 imposed by the Rules Regulating The Florida Bar, including, but not limited to, duties of competence, communication, confidentiality and avoidance of conflicts of interest.” Rule 4-1.2, Rules Regulating the Florida Bar (2012). Therefore, the attorneys appointed to represent R.L.R., even if such representation is limited, have an attorney-client relationship with R.L.R. and are bound by the rules of confidentiality of information which regulate all attorneys in the state of Florida.[3]
Section 90.502, Florida Statutes (2012), states, “[A] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” There is no dispute that R.L.R. is the client and that, as part of the legal services being provided to him, R.L.R. divulged his location to his AALs and specifically instructed them that such information was not to be disclosed.[4] R.L.R. did not disclose his location for any purpose other than giving his attorneys the ability to locate him in furtherance of their representation, and not in the usual course of retaining the attorneys or for mere informational purposes.[5]
Rule 4-1.6 of the Florida Bar regulates the conduct of attorneys and client information. The rule states that a lawyer shall not reveal information concerning the representation of a client except as allowed by the rule or unless the client gives informed consent. R.L.R. has not given consent to his attorneys to divulge his location. The question, then, is whether one of the exceptions to the privilege applies. The Rule requires an attorney to reveal information where the attorney believes it is necessary to either prevent a *574 client from committing a crime, or to prevent death or substantial bodily harm to another. The trial court, in its order, specifically stated that the disclosure of R.L.R.’s location was not necessary to prevent a crime, or death or bodily harm to another. Therefore, neither of those exceptions applies. The trial judge’s expressed reason to require the disclosure, that R.L.R. himself may be in danger, is not an exception recognized by the Rule.[6]
We are mindful of the lower court’s, DCF’s and the GAL’s commitment to the safety and well-being of children within DCF’s care[7]; there is no exception, however, statutory or otherwise, to the attorney-client privilege under the facts presented in this case.[8] To find that there is a “dependency exception” or, as specifically put forth in this case, that there is an exception where the client may be a danger to himself, would require this court to carve out an altogether new exception to the attorney-client privilege. That, however, is the rule-making function of the legislature or, possibly, the Florida Bar — not of this Court.
We treat the petition for mandamus as a petition for writ of certiorari, grant the petition for certiorari and quash the order below, finding the order compelling the court-appointed Attorneys Ad Litem to breach their attorney-client privilege and disclose the whereabouts of their client, R.L.R., is a departure from the essential requirements of law for which there is no remedy on appeal.[9]
PETITION GRANTED, ORDER QUASHED.

. No argument was made that the privilege cannot be asserted by a minor or should be applied differently because the client is a minor.

. R.L.R. is now 17 years old. In prior DCF proceedings before a predecessor trial court, that judge specifically found that R.L.R. was very intelligent and articulate; R.L.R. was able to coherently and eloquently articulate his concerns and desires and understood the nature of the proceedings, the role of DCF, the court, and the objectives of his dependency case.

.The Supreme Court has noted that "[t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer’s being fully informed by the client.” Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The attorney-client privilege is the oldest confidential communication privilege known in the common law and is also, "perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.” United States v. Bauer, 132 F.3d 504, 510 (9th Cir.1997). The privilege is codified by statute and contained in the Evidence Code, section 90.502, Florida Statutes (2012). See also, Charles W. Ehrhardt, Florida Evidence § 502.1 (2007). The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. It is an interest traditionally deemed worthy of maximum legal protection. See State Farm Fla. Ins. Co. v. Puig, 62 So.3d 23, 26-27 (Fla. 3d DCA 2011) (quoting W. Bend Mut. Ins. Co. v. Higgins, 9 So.3d 655, 657 (Fla. 5th DCA 2009)).

. Section 90.502, Florida Statutes (2012), lists extraordinary circumstances where the attorney-client privilege does not apply. None of those circumstances is claimed as to R.L.R., and none is applicable here.

. Those cases cited by the lower court for the proposition that the attorney-client privilege does not apply to an address are inapplicable. Those cases include, for example, Suarez v. Hillcrest Dev. of So. Fla., 742 So.2d 423 (Fla. 3d DCA 1999); Greenberg Traurig v. Bolton, 706 So.2d 97 (Fla. 3d DCA 1998); Mercado v. Parent, 421 So.2d 740 (Fla. 4th DCA 1982); in those and like cases, the courts held that in post-trial debtor-creditor matters the proper administration of justice required the disclosure of the debtor's address. In such a situation, the debtor cannot expect his address to remain confidential. R.L.R.’s is not a debtor-creditor case and there is more at stake here than mere financial interests. R.L.R. gave his location to his attorneys with the intent and instruction that his location remain confidential and not be disclosed.

. To be sure, the original trial court acknowledged that R.L.R. would likely run away again if his current whereabouts were disclosed against his will, leaving no one with information about his location and well-being. R.L.R. is more likely to seek legal advice and be more willing to work towards a successful outcome if he can trust his AALs not to breach his confidences. In this circumstance it is altogether clear that protecting the attorney-client privilege protects the administration of justice.

. We also commend the Attorneys Ad Litem for their ongoing dedication and commitment to R.L.R.'s safety and welfare.

. Courts and legislatures in other jurisdictions have recognized and enforced the attorney-client privilege in dependency proceedings. See, e.g., In re Dependency of M.S.R., 174 Wash.2d 1, 271 P.3d 234, 244 (Wa.2012) ("[U]nlike a GAL, an attorney can maintain confidential communications with the child so the child is free to disclose the child’s deepest secrets and concerns and ensure that children know with whom and in what manner they can communicate.”); Ex parte R.D.N., 918 So.2d 100, 103-04 (Ala.2006) (providing that a lawyer in a dependency proceeding has the same professional and ethical obligations to keep client confidences); Mich. Comp. Laws § 712A.13a(1)(c) (2012) ("An attorney defined under this subdivision owes the same duties of undivided loyalty, confidentiality, and zealous representation of the child’s expressed wishes as the attorney would to an adult client.”); La. Sup.Ct. R. XXXIII, Part III, Subpart II, Standard 2 (2012) ("An attorney serving as independent counsel for a child owes the same duties of loyalty, confidentiality, advocacy and competent representation to the child as are owed to any client.”); Miss. Code Ann. § 43-21-201(4) ("The child’s attorney shall owe the same duties of undivided loyalty, confidentiality and competent representation to the child or minor as is due an adult client pursuant to the Mississippi Rules of Professional Conduct.”).

.This Court thanks counsel for the parties, as well as amici, for their excellent and well-articulated briefs and arguments.