PER CURIAM.
The appellants, plaintiffs in the trial court, challenge the trial court’s order denying a motion to substitute parties pursuant to Florida Rule of Civil Procedure 1.260(a), after one of the defendants died. Specifically,, the appellants sought to have the trial court appoint a representative of the decedent in this proceeding for breach of fiduciary duty because no estate had been opened for the deceased. The trial court concluded that it had no authority to appoint such a representative in the litigation and denied the motion, noting that the appellants could petition for administration in the probate court. The court did not dismiss the proceeding as to the deceased defendant. The order merely denying substitution is a non-final, non-appealable order and thus we have no appellate jurisdiction. See Fla. R. App. P. 9.130. We have considered whether to treat this as a petition for writ of certiorari and decline to do so, as there is no showing of irreparable harm not remediable on appeal. The appellants, as unliquidated creditors of the estate, may petition for administration. See Harrison-French v. Elmore, 684 So.2d 323 (Fla. 3d DCA 1996); In re Estate of Raymond, 237 So.2d 84 (Fla. 1st DCA 1970). The fact that the appellants are burdened with the cost of opening an estate is not an irreparable injury.

Appeal dismissed.

MAY, J., and ARTAU, EDWARD L., Associate Judge, concur.
WARNER, J., concurs specially with opinion.