WARNER, J.,
concurring specially.
I concur in the dismissal of the appeal. Moreover, even if there were irreparable harm, the trial court did not depart from the essential requirements of law. - There is no authority in statute or rule for the trial court to appoint an administrator ad litem to represent the deceased in this litigation.
Florida Rule of Civil Procedure 1.260(a)(1) provides' that “[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party[.]” The rule does not state who a “proper” party is for substitution, nor does it provide for the trial court to appoint a successor representative for- a deceased party. This is unlike Florida Rule of Civil Procedure 1.210(b), which permits a trial court to appoint a guardian ad litem for a minor “not otherwise represented” in an action.
There are two statutory provisions authorizing the appointment of an administrator ad litem. One states that the probate court has authority to appoint an administrator ad litem in cases where a personal representative is unable to represent an estate. See § 733.308, Fla. Stat. (2016); Fla. Prob. R. 5.120(1). This statute (and the corresponding rule) clearly contemplate application in situations where an estate has been opened and a personal representative has been appointed that is not a proper representative of the estate in pending litigation. Additionally, in eminent domain cases, the trial court has authority to appoint *556 an administrator ad • litem where an estate is not being administered. See § 73.021(4), Fla. Stat. (2016). Neither of these would provide general authority for the trial court to appoint an administrator ad litem for the deceased defendant in this case.
Appellants rely on a statement made by the Third District to justify their request that the trial court simply appoint a representative for the deceased: “[A]s a general rule, if an estate has been opened, then the decedent’s personal representative should be substituted. If no estate has been opened, then another appropriate representative^ such as a guardian ad litem, mil need to be substituted.” Vera v. Adeland, 881 So.2d 707, 710 (Fla. 3d DCA 2004) (emphasis supplied); see also Schaeffler v. Deych, 38 So.3d 796, 799 (Fla. 4th DCA 2010), This appears to be dicta in the opinion, unsupported by any citation to authority. A guardian ad litem is not a legal representative of an estate. “Guardian ad litem” means a person who is appointed by the court having jurisdiction of the guardianship, or a court in which a particular legal matter is pending to represent a ward in that proceeding. § 744.102(10), Fla. Stat. (2016). More importantly, nothing in rule 1.260 provides that the trial court has authority to appoint a representative of the deceased. The rule merely requires that the decedent be substituted by “successors or authorized representatives.” Fla. R. Civ. P. 1.260(a)(1). In the case of a decedent, that requires the action of the probate court to open an estate and appoint a personal representative for the decedent.
Harrison-French v. Elmore, 684 So.2d 323 (Fla. 3d DCA 1996), is instructive. There, the trial court ordered the defense attorney to open an estate for the decedent defendant. Id. at 324. The Third District reversed, concluding that the defense attorney had no duty to open an estate. Id. Instead, the court noted that the plaintiffs remedy as an unliquidated creditor was to petition for administration of the estate. Id. at 325. That is exactly what the trial court in this case correctly concluded was the proper method of substituting parties.