# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2084
Lower Tribunal No. 15-9171

_____

## Office of the Public Defender, Eleventh Judicial Circuit of Florida,
Appellant,

vs.

## Milena Lakicevic, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Samuel C. Cozzo, for appellees Milena Lakicevic and Amalia Toma Badia.

Lawrence J. Fox (Philadelphia, PA), for Yale Law School Ethics Bureau, as amicus curiae; Karen M. Gottlieb and Sonya Rudenstine, Co-chairs, Amicus Committee, for the Florida Association of Criminal Defense Lawyers, as amicus curiae; Jan L. Jacobowitz, Associate Director, for the University of Miami School of Law Center for Ethics & Public Service, as amicus curiae; Janet Moore (Cincinnati, OH), University of Cincinnati College of Law, Chair, Amicus Committee, for the National Association of Criminal Defense Lawyers, as amicus curiae.

Before EMAS, LOGUE, and SCALES, JJ.

PER CURIAM.

Appellant seeks review of the trial court's order denying its motion for protective order from a third-party subpoena duces tecum for deposition. In its filings below, Appellant asserted that the information sought by Appellee (pertaining to Appellant's former client) was communicated during the attorney-client relationship and with the expectation that the information would remain confidential. There is no record evidence disputing that the client communicated this information to Appellant in confidence, during and as a result of the attorney-client relationship, and with the expectation that this communication was and would remain confidential and not be disclosed to anyone.

Therefore, we hold that the trial court erred in denying the motion for protective order, as the confidential communication by the client to his attorney was privileged and not subject to disclosure. See § 90.502(1)(c), Fla. Stat. (2015)[1]; R.L.R. v. State, 116 So. 3d 570 (Fla. 3d DCA 2013).

Reversed and remanded.

_____

[1] Section 90.502(1)(c) provides:
A communication between lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than:
1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
2. Those reasonably necessary for the transmission of the communication.